**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**EMMA HARMON,**

      **Petitioner,**

**v.**                           **Case No. 4:14cv312-RH/CAS**

**J.V. FLOURNOY,**

      **Respondent.**

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

On or about June 17, 2014, Petitioner Emma Harmon, a federal prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.   ECF No. 1.   She also filed a supporting memorandum.   ECF No. 6.   On November 18, 2014, Respondent filed an answer, with exhibits.   ECF Nos. 11-14.   Petitioner has not filed a reply, although given the opportunity to do so.   _See_ ECF No. 10.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).   After careful consideration, the undersigned concludes that Petitioner has not demonstrated entitlement to proceed under § 2241 and this petition should be dismissed.

## Background

On May 13, 2004, a federal grand jury in the Middle District of Florida returned a superceding indictment charging Petitioner Emma Jean Harmon and a co-defendant (her husband) with several counts:   one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base and a quantity of marijuana in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (Count 1); two counts of distribution of marijuana in violation of 21 U.S.C. § 841(b)(1)(D) (Counts 3 and 6); two counts of distribution of cocaine base in violation of 21 U.S.C. § 841(b)(1)(B) (Counts 4 and 5); one count of possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(b)(1)(A) (Count 9); and one count of possession of firearms by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 11).   United States v. Harmon, No. 8:04cr154-T-26MAP (M.D. Fla.), ECF No. 24.   On July 2, 2004, the Government filed a notice stating that Petitioner was subject to enhanced penalties pursuant to 21 U.S.C. § 841(b)(1)(B), based on at least three prior Florida state felony drug convictions including delivery of cannabis (1988), possession of cocaine (1991), and delivery and possession of cocaine (1992).   Id. ECF No. 37.   Harmon and her husband proceeded to

Case No. 4:14cv312-RH/CAS

a jury trial in July 2004, and the jury found Petitioner guilty on all counts, with a specific finding that Counts 1 and 9 involved 50 grams or more of crack cocaine.   *Id*. ECF No. 75.   On October 25, 2005, the court sentenced Petitioner to life imprisonment on Counts 1 and 9.   *Id*. ECF No. 93.   The court also sentenced her to 10 years in prison on Counts 3 and 6, 30 years in prison on counts 4 and 5, and 10 years in prison on Count 11. *Id*.

Petitioner appealed her conviction and sentence, raising eight points. *Id*. ECF No. 180.   The Eleventh Circuit Court of Appeals affirmed the case on May 15, 2006, finding no merit in the arguments.   *Id*.; Harmon v. United States, No. 04-15693, 180 F. App'x 117 (11th Cir. May 15, 2006).

On March 13, 2007, Petitioner filed a motion to vacate her sentence pursuant to 28 U.S.C. § 2255, raising six grounds.   Harmon v. United States, No. 8:07cv472-RAL/MAP (M.D. Fla.), ECF No. 1.   On July 19, 2007, the court denied her motion.   *Id*. ECF No. 14.   She appealed to the Eleventh Circuit, *id*. ECF No. 16, 19, and the court denied a certificate of appealability on November 16, 2007, *id*. ECF No. 23.

On or about March 25, 2008, Petitioner filed a motion in the sentencing court, seeking modification of her PSI.   United States v.

Harmon, No. 8:04cr154-RAL/MAP, ECF No. 196.   On March 31, 2008, the

court entered an order explaining it had "undertaken a preliminary review"

of the case and Petitioner may be eligible for a reduction in her base

offense level, as Petitioner was sentenced prior to November 1, 2007,

when the U.S. Sentencing Commission decided Amendment 706 (which

lowered the base offense level for crack cocaine offenses by two levels for

eligible defendants sentenced on or after November 1, 2007) should be

applied retroactively to defendants sentenced prior to November 1, 2007.

*Id.* ECF No. 197.   Accordingly, the court appointed the Office of the

Federal Public Defender to represent Petitioner and directed the U.S.

Probation Office to provide a supplemental presentence report.   *Id.*

 After the supplemental report and responses from counsel were filed,

the court entered an order, on June 18, 2008, concluding Petitioner was not

eligible for a sentence reduction because she "was subject to a statutory

minimum mandatory term of life imprisonment" and, thus, "Amendment

706, even had it been in effect at the time of Defendant's original

sentencing, would not have lowered the applicable sentencing guideline

range."   *Id.* ECF No. 207.   The court also rejected Petitioner's argument

that her mandatory sentence of life in prison violated the Eighth

Amendment.   *Id*.   Petitioner appealed to the Eleventh Circuit.   *Id*. ECF

No. 208.   On April 3, 2009, the Eleventh Circuit affirmed the district court's

denial of relief.   *Id*. ECF No. 213; United States v. Harmon, No. 08-13722,

322 F. App'x 743 (11th Cir. 2009).

On or about June 17, 2014, Petitioner filed in this Court a petition for

writ of habeas corpus pursuant to 28 U.S.C. § 2241.   ECF No. 1.   She

also filed a supporting memorandum.   ECF No. 6.   She raises four

grounds:

(1)  "Based on new intervening Supreme Court case law, along
    with an Eleventh Circuit case having been vacated pending
    rehearing en banc, two of Harmon's three prior convictions
    cannot stand to enhance her sentence as a Career Offender,
    or as predicate offenses for an enhanced gun charge."   ECF
    No. 1 at 3.   Petitioner does not cite any cases in her
    petition, but she references "Booker/Blakely" error in her
    supporting memorandum, meaning Blakely v. Washington,
    542 U.S. 296 (2004), and United States v. Booker, 543 U.S.
    220 (2005).   *See* ECF No. 6 at 7, 11.   She also cites
    Descamps v. United States, 133 S. Ct. 2276 (2013).   *Id*. at
    10.

(2)   Petitioner's rights under the "Fifth, Sixth, and Eighth
    Amendments were violated when she was sentenced to Life
    in Prison based on a drug amount not alleged in the
    indictment or specifically found by the jury in its verdict."
    ECF No. 1 at 5.

(3)   Petitioner's rights under the "Sixth and Eighth Amendment
    were violated when her prior state convictions were used to

count as ACCA predicate offenses preventing her from receiving USSG Amendment 706 and 711 for which she applied."   *Id.* at 5.

(4)   "Whether the Court had jurisdiction to classify Harmon's Count Eleven under ACCA based on the Supreme Court case law, as well as Eleventh Circuit case law being applied retroactively since Harmon's priors only support one prior drug count, and no violence was associated with the gun." *Id.* at 6.

Respondent filed an answer, with exhibits.   ECF Nos. 11-14.

Respondent asserts Ground 1 "lacks merit" because the savings clause does not to apply to sentencing claims where the sentence imposed falls within the statutory maximum and, here, on Counts 1 and 9, Petitioner "was sentenced to a statutorily required term of life imprisonment."   *Id.* at 6. Respondent asserts Ground 2 is based on an erroneous factual predicate, that Petitioner's life sentences on Counts 1 and 9 were based on a drug quantity not alleged in the indictment or found by the jury; rather, these counts did allege the offense involved 50 grams or more of cocaine base and the verdict form reflects the jury made a specific finding on both counts that the offenses involved 50 grams or more of cocaine base.   *Id.* at 5-6. Respondent further asserts Petitioner was not sentenced as an "Armed Career Criminal" as she indicates in Grounds 3 and 4.   *Id.* at 5.

Respondent also points out that because Petitioner cannot seek relief

under the savings clause, this Court has no jurisdiction to review her

claims.   *Id.* at 6.

## Analysis

The Judiciary Act of 1789 granted federal courts the power to issue

the writ of habeas corpus.   *See* <u>United States v. Hayman</u>, 342 U.S. 205

(1952).   The habeas remedy is now codified in 28 U.S.C. § 2241,

subsection (c)(3) of which provides that the writ of habeas corpus shall not

extend to a prisoner unless the prisoner is "in custody in violation of the

Constitution or laws or treaties of the United States."   As noted in <u>Hayman</u>,

prisoners must bring habeas corpus applications in the district of

confinement.   342 U.S. at 213.   Because courts with federal prisons in

their jurisdictional boundaries became inundated with habeas petitions, and

because the materials, witnesses, and other evidence which had a

significant bearing on the determination of the legality of a sentence were

generally located in the district where sentence was imposed rather than

where the prisoner was confined, in 1948 Congress enacted § 2255 of Title

28.   *See* <u>Hayman</u>, 342 U.S. at 212–14, 218; *see also* <u>Wofford v. Scott</u>, 177

F.3d 1236, 1239 (11th Cir. 1999).

The language of § 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute channels challenges to the legality of the imposition of a sentence, while leaving § 2241 available to challenge the continuation or execution of an initially valid confinement.   *See* Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351-52 (11th Cir. 2008); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990) (explaining § 2255 is primary method of collateral attack on federally imposed sentence).   Thus, § 2241 provides an avenue for challenges to matters such as the administration of sentences or parole, prison disciplinary actions, prison transfers, and certain types of detention.   *See* Antonelli, 542 F.3d at 1352 (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); Thomas v. Crosby, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons' administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence, and thus is matter for habeas corpus).

In her § 2241 filings, Petitioner challenges her sentence.   A collateral

attack on the validity of a federal sentence is properly brought under 28

U.S.C. § 2255 in the district of conviction.   *See, e.g.*, Antonelli, 542 F.3d at

1351-52; Sawyer v. Holder, 326 F.3d 1353, 1365 (11th Cir. 2003); Jordan,

915 F.2d at 629.   The Eleventh Circuit has explained:

> In general, a federal prisoner seeking to challenge
> the legality of his conviction or sentence has two
> bites at the apple: one on direct appeal, and one via
> a § 2255 motion.   In the interests of finality, the law
> generally bars prisoners from filing second or
> successive § 2255 motions, except when "certified
> as provided in section 2244[(b)(3)(A)] by a panel of
> the appropriate court of appeals to contain" either
> "newly discovered evidence" of actual innocence or
> "a new rule of constitutional law, made retroactive to
> cases on collateral review by the Supreme Court,
> that was previously unavailable."   *See* 28 U.S.C.
> § 2255(h); Gilbert [v. United States], 640 F.3d
> [1293,] 1309 [(11th Cir. 2011 (en banc)].   This bar
> on second or successive motions is jurisdictional.

Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1339 (11th

Cir. 2013).   "A petitioner who has filed and been denied a previous § 2255

motion may not circumvent the successive motion restrictions simply by

filing a petition under § 2241."   Darby v. Hawk-Sawyer, 405 F.3d 942, 945

(11th Cir. 2005) (citing Wofford, 177 F.3d at 1245); *see, e.g.*, Antonelli, 542

F.3d at 1351.

    In particular, § 2255(e) bars a § 2241 petition if the prisoner "has

failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*"   28 U.S.C. § 2255(e) (emphasis added); Wofford, 177 F.3d at 1238.   The italicized language, known as the "savings clause," provides a narrow exception to the bar and allows review of a § 2241 habeas petition only in limited circumstances.   "The applicability of the savings clause is a threshold jurisdictional issue, and the savings clause imposes a subject-matter jurisdictional limit on § 2241 petitions."   Samak v. Warden, FCC Coleman-Medium, 766 F.3d 1271, 1273 (11th Cir. 2014) (citing Williams, 713 F.3d at 1337-38).   A petitioner has the burden of demonstrating entitlement to proceed under the savings clause.   *Id.*

As set forth above, Petitioner has filed numerous motions, including a § 2255 motion, in the sentencing court challenging her conviction and sentence, all of which have been denied.   Petitioner now seeks to use her § 2241 petition as a vehicle for challenging the validity of her sentence.   To challenge her sentence under § 2241, Petitioner has to satisfy the savings clause by meeting five requirements:

> (1) Throughout the petitioner's sentencing, direct appeal, and first § 2255 proceeding, this [Eleventh Circuit] Court's

precedent had specifically and squarely foreclosed the claim raised in the § 2241 petition;

(2) After the petitioner's first § 2255 proceeding, the Supreme Court overturned that binding precedent;

(3) That Supreme Court decision applies retroactively on collateral review;

(4) As a result of that Supreme Court decision applying retroactively, the petitioner's current sentence exceeds the statutory maximum; and

(5) The savings clause of § 2255(e) reaches [petitioner's] claim.

Jeanty v. Warden, FCI-Miami, 757 F.3d 1283 (11th Cir. 2014); *see* Bryant

v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1257 (11th Cir. 2013).

Here, Petitioner attempts to satisfy step (2) evidently by relying on the

U.S. Supreme Court's decisions in Blakely, Booker, and Descamps.   Such

reliance is misplaced.   *See, e.g.*, Varela v. United States, 400 F.3d 864,

866-68 (concluding that Blakely and Booker did not apply retroactively on

collateral review); Abney v. Warden, 621 F. App'x 580, 584 (11th Cir. 2015)

(explaining that Descamps did not "implement a substantive or a

'watershed' procedural change in the law" and, further, "Descamps does

not apply retroactively to cases on collateral review, and is not a proper

basis for granting relief under § 2241 via the savings clause of § 2255(e)").

Moreover, Blakely was actually decided in June 2004, just before

Petitioner's trial, and Petitioner raised a <u>Booker</u> argument in her direct

appeal; the Eleventh Circuit found it lacked merit.   <u>Harmon</u>, 180 F. App'x

at 117-18 n.1.   Indeed, as set forth above and as the Government

explains, the superceding indictment did specifically allege the drug

quantity involved as it specified the offense involved 50 grams or more of

cocaine base and the verdict form reflects the jury made a specific finding

on both Counts 1 and 9 that the offenses involved 50 grams or more of

cocaine base.

 Further, as the Government explains in its response, Petitioner's

sentence does not exceed the statutory maximum punishment of life

imprisonment.   Thus, Petitioner also fails at step (4) and may not proceed

under the savings clause.   *See* <u>Gilbert</u>, 640 F.3d at 1323 ("What we do

decide is that the savings clause does not authorize a federal prisoner to

bring in a § 2241 petition a claim, which would otherwise be barred by

§ 2255(h), that the sentencing guidelines were misapplied in a way that

resulted in a longer sentence not exceeding the statutory maximum.").

 Therefore, in this case, review under § 2241 is not available as

Petitioner challenges the validity of her sentence, not the execution thereof.

Further, Petitioner has not shown entitlement to review under the savings

clause, to open the § 2241 portal.   Accordingly, this § 2241 petition should be dismissed for lack of jurisdiction.

## Conclusion

For the reasons set forth above, it is **RECOMMENDED** the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 1) be **DISMISSED for lack of jurisdiction**.

**IN CHAMBERS** at Tallahassee, Florida, on December 2, 2016.

**S/ Charles A. Stampelos**
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).   A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   Fed. R. Civ. P. 72(b)(2).   Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**